ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I (DJ 2025-063A)

| JEREMY J. MEDINA DOMINICCI,<br><br>Recurrida,<br><br>v.<br><br>NAHIOMI I. COLÓN TORRES,<br><br>Peticionaria. | TA2026CE00478 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Menores de Ponce.<br><br>Civil núm.: PO2024RF00005.<br><br>Sobre: custodia monoparental/ compartida. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2026.

En un pleito para adjudicar la custodia de un menor de edad, el Tribunal de Primera Instancia le anotó la rebeldía a la madre, Nahiomi I. Colón Torres (señora Colón Torres), luego de que el padre, Jeremy J. Medina Dominicci (señor Medina Dominicci), le imputara un presunto incumplimiento con varias órdenes judiciales relacionadas al descubrimiento de prueba y a otros asuntos relacionados a las relaciones paternofiliales. Posteriormente, el foro primario denegó la solicitud para que se dejara sin efecto la referida anotación de rebeldía.

La controversia que nos corresponde dilucidar gira en torno a si el Tribunal de Primera Instancia abusó de su discreción al mantener la anotación de rebeldía de la señora Colón Torres. Analizados los hechos, a la luz del derecho aplicable, concluimos que le asiste la razón a la peticionaria.

Así, por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **revocamos** la *Resolución Interlocutoria* objeto de este recurso.

I

La señora Colón Torres y el señor Medina Dominicci sostuvieron una relación sentimental, durante la cual procrearon un hijo menor. Culminada la relación, el recurrido instó una petición judicial con el fin de solicitar que la patria potestad y la custodia del menor fuera compartida[1]. Además, propuso una estructura de relaciones paternofiliales. En su contestación a la petición[2], presentada el 11 de enero de 2024, la señora Colón Torres, se opuso solo en cuanto a la custodia compartida y al plan de relaciones paternofiliales propuesto por el recurrido[3].

Ante la falta de un acuerdo entre los padres, el foro primario celebró una vista para atender el asunto de las relaciones paternofiliales provisionales[4], las cuales quedaron establecidas mediante la *Resolución* notificada el 27 de febrero de 2024[5]. Sin embargo, nada se dispuso sobre la custodia del menor.

Tras una extensa serie de trámites procesales[6], el 30 de octubre de 2025, se celebró una vista en la cual se atendieron varios asuntos relacionados a la ejecución de las referidas relaciones paternofiliales, según establecidas por el foro primario[7]. Conforme surge de la minuta de dicha vista, y como producto de las argumentaciones de las partes litigantes, el foro primario emitió varias órdenes en corte abierta; entre ellas, las siguientes:

> Se Ordena a ambas partes que presenten en 10 días mediante Moción los planteamientos por escrito relacionados con el asunto antes indicado; y de requerir alguna Orden deberán acompañar los proyectos correspondientes con la información de a quién y qué se solicita que se ordene.

---

[1] SUMAC TPI, entrada núm. 1. Dado el volumen de los trámites procesales del caso, consultamos directamente las entradas correspondientes al SUMAC del foro primario, al cual haremos referencia prospectivamente.

[2] Con la cual incluyó una breve reconvención.

[3] SUMAC TPI, entrada núm. 4.

[4] *Íd.*, entrada núm. 24.

[5] *Íd.*, entrada núm. 25.

[6] Entre estas, un intercambio excesivo de mociones entre ambas partes mediante las cuales recíprocamente denunciaban ciertos incumplimientos con los acuerdos provisionales iniciales sobre las relaciones paternofiliales.

[7] SUMAC TPI, entrada núm.187.

.        .        .        .        .        .        .        .

El Tribunal Ordena a la parte demandante, que en cuanto a la Moción de la licenciada Morales en relación con el cuido del menor se exprese en 10 días.

.        .        .        .        .        .        .        .

El Tribunal Ordena que se continúen las relaciones paternofiliales, según establecidas; […]

.        .        .        .        .        .        .        .

El Tribunal ordena que las partes se comuniquen e informen, para que compartan la información por tener duda de lo que está pendiente, e informen al Tribunal cualquier asunto pendiente en cuanto al Descubrimiento de Prueba.

.        .        .        .        .        .        .        .

Se Ordena a ambas partes que en 20 días presenten la prueba documental y testifical que proponen presentar para la vista, deberán cargar la prueba documental con la Moción en SUMAC. […][8].

Así las cosas, el 12 de noviembre de 2025, el señor Medina Dominicci denunció ciertos incumplimientos por parte de la peticionaria con las órdenes del tribunal; en particular, con la remisión de su itinerario de trabajo, con la actualización del descubrimiento de prueba que le fue cursado en abril y julio de 2024, y con la notificación de la información de contacto de aquellos profesionales que han evaluado a su hijo menor de edad, junto a las copias de sus expedientes médicos[9]. Por ello, solicitó la emisión de una orden para compeler su cumplimiento.

Consecuentemente, el foro primario emitió una orden mediante la cual le concedió a la peticionaria hasta el 20 de noviembre de 2025 para cumplir con las órdenes emitidas en la vista del 30 de octubre de 2025, so pena de sanciones económicas[10]. Llegada la fecha concedida, la señora Colón Torres solicitó una prórroga de cinco (5) días para cumplir con dicha orden[11], la cual fue concedida al día siguiente[12].

El 26 de noviembre de 2025, el señor Medina Dominicci nuevamente le imputó los mismos incumplimientos a la peticionaria, por lo cual solicitó, entre otras cosas, que se le anotara la rebeldía a la señora Colón Torres al

---

[8] SUMAC TPI, entrada núm. 187, a las págs. 4-5.

[9] *Íd.*, entrada núm. 189.

[10] *Íd.*, entrada núm. 190.

[11] *Íd.*, entrada núm. 193.

[12] *Íd.*, entrada núm. 194.

amparo de la Regla 34.3 de Procedimiento Civil[13]. Alternativamente, solicitó su cumplimiento, junto a la imposición de sanciones económicas.

En respuesta, el 1 de diciembre de 2025, la señora Colón Torres notificó haber cumplido con las órdenes judiciales, entre estas, haber remitido las contestaciones a los interrogatorios debidamente juramentadas[14]. Además, solicitó una orden judicial dirigida a las personas que tenían en su poder su expediente médico-psicológico[15], con el fin de que estos se lo entregaran directamente a ella en un término de tres (3) días[16]. De otro lado, le imputó al señor Medina Dominicci igual incumplimiento con las órdenes impartidas por el foro primario.

En virtud de ello, el foro recurrido emitió una *Orden* dirigida a ambas partes, concediéndoles hasta el 4 de diciembre de 2025 para cumplir con las órdenes del 30 de octubre de 2025[17].

Al día siguiente, el señor Medina Dominicci replicó al último escrito sometido por la peticionaria, en el cual primordialmente insistió en los mismos incumplimientos que ha denunciado desde el 12 de noviembre de 2025[18]. En esta ocasión, solicitó la imposición de sanciones económicas, y que se le concediera un término de veinticuatro (24) horas para que la señora Colón Torres le notificara su itinerario de trabajo desde junio de 2024 hasta el presente.

Cónsono con lo anterior, el 5 de diciembre de 2025, el foro primario notificó una *Resolución y Orden*[19]. En lo pertinente, le impuso a la señora Colón Torres una sanción económica de doscientos cincuenta dólares ($250.00) por el presunto incumplimiento con las órdenes emitidas el 30 de

---

[13] SUMAC TPI, entrada núm. 195.

[14] *Íd.*, entrada núm. 196.

[15] Estos récords médicos presuntamente formaban parte de los documentos requeridos durante el descubrimiento de prueba.

[16] SUMAC TPI, entrada núm. 196, a la pág. 2.

[17] *Íd.*, entrada núm. 197.

[18] *Íd.*, entrada núm. 198.

[19] *Íd.*, entrada núm. 200.

octubre de 2025, y el 1 de diciembre de 2025. Además, le concedió a la peticionaria un término de diez (10) días para cumplir con lo requerido por el recurrido[20], y apercibió a ambos padres de las consecuencias del incumplimiento.

El 17 de diciembre de 2025, el señor Medina Dominicci nuevamente denunció el presunto incumplimiento de la señora Colón Torres con la entrega de la información requerida, por lo que reiteró su solicitud para que se le anotara la rebeldía al amparo de la Regla 34.3 de Procedimiento Civil[21].

Sin que la peticionaria se expresara en cuanto a lo solicitado, el 19 de diciembre de 2025, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria* mediante la cual anotó la rebeldía a la señora Colón Torres, y le impuso un término de cinco (5) días para abonar la sanción previamente impuesta.[22]

En la misma fecha, la señora Colón Torres solicitó la reconsideración de dicho dictamen[23]. En lo pertinente, precisó que ya se había remitido las contestaciones al interrogatorio cursado[24], así como las recomendaciones sobre la educación del menor, aunque aclaró que el recurrido podía obtener toda la información requerida sobre su hijo, por virtud de la patria potestad que ostenta sobre él.

Sobre su expediente médico-psicológico, informó haberle remitido una certificación de tratamiento, ya que su psicólogo presuntamente se negó a proveerle la totalidad del expediente. Ante esto, alegó que el recurrido era quien debía solicitar una orden judicial para compeler su entrega, de entender que la certificación era insuficiente. Sobre sus

---

[20] En específico, la "notificación de las contestaciones al descubrimiento de prueba, presentación de los documentos relacionados con las recomendaciones para el menor y la información de los horarios de trabajo".

[21] SUMAC TPI, entrada núm. 204.

[22] *Íd.*, entrada núm. 205.

[23] *Íd.*, entrada núm. 206.

[24] Salvo por el juramento, el cual expresó no haber incluido en ese momento por inadvertencia.

horarios de trabajo, adujo que, aunque siempre se los había notificado, ambos padres acordaron posteriormente que cesarían dicha práctica, salvo que esta no pudiese cuidar al menor por cuestiones de trabajo.

Luego de que el recurrido se opusiera[25], el foro primario denegó la reconsideración de la peticionaria[26].

Tras varios incidentes procesales, entre ellos el cambio de la representación legal de la señora Colón Torres[27], el 4 de marzo de 2026, esta última presentó una solicitud para dejar sin efecto la rebeldía que le había sido anotada[28], con el fin de que las partes pudiesen culminar el descubrimiento de prueba[29]. En ella, reiteró los planteamientos de su escrito del 19 de diciembre de 2025, lo cual adujo que evidenciaba la ausencia de conducta contumaz respecto a las órdenes judiciales. En particular, resaltó que la razón por la cual no había entregado su expediente médico-psicológico responde a la negativa del psicólogo que la atiende, para lo cual había solicitado una orden que el foro primario nunca atendió.

Luego de que el señor Medina Dominicci se opusiera a la solicitud de la peticionaria[30], el 5 de marzo de 2026, el Tribunal de Primera Instancia emitió la *Resolución Interlocutoria* que hoy nos ocupa[31], mediante la cual declaró sin lugar la solicitud de la señora Colón Torres.

En desacuerdo con esa determinación, la peticionaria presentó oportunamente una moción de reconsideración[32], la cual fue declarada sin lugar mediante otra *Resolución Interlocutoria* emitida el 24 de marzo de 2026[33].

---

[25] SUMAC TPI, entradas núm. 207 y 208.

[26] *Íd.*, entrada núm. 209.

[27] *Íd.*, entradas núm. 216 y 219.

[28] Al amparo de las Reglas 45.3 y 49.2 de Procedimiento Civil, 32 LPRA Ap. V.

[29] SUMAC TPI, entrada núm. 221.

[30] *Íd.*, entrada núm. 223. En su escrito, el recurrido sostuvo los mismos argumentos sobre el incumplimiento imputado a la peticionaria.

[31] *Íd.*, entrada núm. 224.

[32] *Íd.*, entrada núm. 234.

[33] *Íd.*, entrada núm. 235.

Aún inconforme, el 17 de abril de 2026, la señora Colón Torres presentó este recurso discrecional de *certiorari*, a través del cual formuló los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia, al negarse a dejar sin efecto la anotación de rebeldía en contravención de las reglas 45.3 y 49.2 de Procedimiento Civil, a pesar de que del expediente surge que la peticionaria ha comparecido activamente y que el incumplimiento respondió a una imposibilidad real ajena a su voluntad.

Erró el Tribunal de Primera Instancia, al mantener la anotación de la rebeldía en un caso que involucra la custodia de un menor de dos (2) años y medio de edad, privando a la madre de presentar prueba a favor del menor, en contravención del deber del tribunal de ejercer su función de *parens patriae*, del principio rector del interés óptimo del menor y de la obligación de adjudicar con la información más completa posible.

Incurrió en pasión, prejuicio, parcialidad o error manifiesto el Tribunal de Primera Instancia, al castigar a la madre del menor por el mero hecho de trabajar imponiéndole una anotación de rebeldía por alegadamente [*sic*] no entregar unos horarios de trabajo cuando ya habían sido entregados y/o ya eran académicos por haber cesado su trabajo.

Incurrió en pasión, prejuicio, parcialidad o error manifiesto el Tribunal de Primera Instancia, al castigar a la madre del menor con una anotación de rebeldía por no entregar unos récords médicos fuera de su alcance y control cuando el recurrido tampoco había entregado su récord medico a pesar de la parte peticionaria haberlo requerido, y que contrario a la parte peticionaria, nunca justificó su incumplimiento

(Mayúsculas omitidas).

Por su parte, el 28 de abril de 2026, el señor Medina Dominicci compareció ante nos mediante su *Moción en cumplimiento de orden y en oposición a certiorari*.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así, pues, el *certiorari* es un recurso extraordinario cuya

característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

La discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 215 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service*, 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro primario. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

## B

En cuanto a la anotación de rebeldía, la Regla 45.1 de Procedimiento Civil dispone como sigue:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

32 LPRA Ap. V.

Con relación a dicha regla, el Tribunal Supremo de Puerto Rico ha expresado que, "[e]l propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's European Shop*, 183 DPR, a la pág. 587. A su vez, ha afirmado que "la rebeldía 'es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal'". *Íd.*

También, la anotación de rebeldía es un remedio que opera para dos tipos de situaciones. *Íd.*, a la pág. 589. La primera, cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o a defenderse en otra forma prescrita por ley; es decir, cuando no presenta alegación alguna contra el remedio solicitado. *Íd*. La segunda, para situaciones en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a este a imponerle la rebeldía como sanción. *Íd.*

Huelga apuntar que la anotación de rebeldía por el incumplimiento con una orden del tribunal, "**siempre se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de la discreción**". *Rivera Figueroa v. Joe's European Shop*, 183 DPR, a la pág.

590. (Énfasis nuestro). En particular, a la luz de que los efectos de la anotación de rebeldía "se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde". *Íd.* Asimismo, "se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Íd.*, a la pág. 589.

De otra parte, la Regla 45.3 de Procedimiento Civil provee para que un tribunal **deje sin efecto la anotación de la rebeldía** de una parte. Esta dispone que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2". 32 LPRA Ap. V.

En *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988), el Tribunal Supremo de Puerto Rico comparó los criterios necesarios para dejar sin efecto una anotación de rebeldía y los necesarios para conceder un relevo de sentencia conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. Así pues, dispuso como sigue:

> […]. Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una *sentencia* dictada en rebeldía sea dejada sin efecto.

*Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR, a la pág. 294.

De hecho, en dicha opinión, el Tribunal Supremo alude a ese "fino balance" entre la deseabilidad de dar por terminados los pleitos y que estos se resuelvan en sus méritos. *Íd.* Evidentemente, se trata del ejercicio ponderado de la discreción del foro primario, **el cual, ante la ausencia del perjuicio que pudiera ocasionar a la otra parte, debe inclinarse y propiciar la adjudicación de los pleitos en sus méritos**. *Íd.*; véase, además, *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971); *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982).

Cual planteado en *J.R.T. v. Missy Mfg. Corp.*, con relación a la Regla 45 de Procedimiento Civil,

> [e]l objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos. […]. **Por eso, y por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas una sentencia en rebeldía, es que se ha establecido la norma de interpretación liberal**, **debiendo resolverse cualquier duda a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos**. […].
>
> **Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla**. Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado. […].

*J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911. (Énfasis nuestro; citas omitidas).

Una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios. Además, se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

III

Primeramente, subrayamos que la Regla 52.1 de Procedimiento Civil[34] explícitamente faculta a este Tribunal para revisar las resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia cuando, como en este caso, se trate de una controversia relacionada a anotaciones de rebeldía o a relaciones de familia.

Además, la Regla 40 de nuestro Reglamento nos persuade a intervenir en esta controversia, al concluir que, en este caso en particular: (1) ha mediado error craso y manifiesto de parte del foro primario; (2) la etapa del procedimiento en que se ha instado este recurso es la más propicia para su consideración; y, más importante aún, (3) la expedición del

---

[34] 32 LPRA Ap. V, R. 52.1.

auto y la revocación de la determinación del foro primario evita un fracaso de la justicia. En virtud de ello, ejercemos nuestra discreción y expedimos el auto de *certiorari*.

En síntesis, la señora Colón Torres alega que el Tribunal de Primera Instancia erró al anotarle la rebeldía, y al luego negarse a dejarla sin efecto, debido a un presunto incumplimiento con la entrega de ciertos documentos solicitados por el recurrido. Sostiene, además, que ha participado activamente en los procesos judiciales, y que medió una justa causa para el incumplimiento imputado, ya que este fue uno involuntario. En particular, aduce que lo único que no pudo entregar fue su expediente médico-psicológico, debido a que el foro recurrido no expidió la orden solicitada para obtener el mismo. Añade que los efectos de mantener la sanción procesal impugnada atentan contra el interés optimo de su hijo menor de edad, respecto al cual ambas partes solicitan la custodia. Por todo ello, arguye que foro primario abusó de su discreción.

Por su parte, el señor Medina Dominicci sostiene que carecemos de jurisdicción para atender este recurso, en la medida en que la solicitud para dejar sin efecto la rebeldía fue presentada fuera del término jurisdiccional para solicitar su reconsideración[35]. Con relación a los méritos del recurso, se limitó a reproducir los mismos planteamientos sobre el reiterado incumplimiento de la señora Colón Torres con las órdenes del foro primario, el cual pretendió retrotraer a otras órdenes emitidas a principios del 2024.

Cual citado, la anotación de la rebeldía por incumplimiento con las órdenes del tribunal fuera del marco de lo que es justo equivale a un abuso de discreción. Por tal razón, una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo

---

[35] En cuanto a este asunto, adelantamos que el planteamiento del recurrido carece de méritos. Del escrito presentado por la recurrida el 4 de marzo de 2026 surge explícitamente que la solicitud para dejar sin efecto la rebeldía fue realizada al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, acción facultada por la Regla 45.3 del mismo cuerpo reglamentario. Así la acogió discrecionalmente el foro primario, quien atendió el asunto con el beneficio de la postura del recurrido. También, puntualizamos que la moción de la señora Colón Torres fue presentada dentro de un término razonable posterior al registro de la resolución impugnada. *Véase*, 32 LPRA Ap. V, R. 39.2; *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003).

en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios. Además, se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

A la luz de los hechos y el derecho expuestos, concluimos que el Tribunal de Primera Instancia erró y abusó de su discreción al sostener la rebeldía que le fue anotada a la señora Colón Torres. En particular, ante el hecho de que la peticionaria justificó las razones por las que había incumplido con la entrega del expediente médico-psicológico –las cuales advirtió oportunamente– sin que el foro primario actuara sobre ellas. Asimismo, esta ofreció múltiples razones para rebatir otros incumplimientos denunciados por el recurrido[36], los cuales tampoco fueron validados por dicho foro para auscultar su veracidad antes de proceder con la imposición de la drástica sanción procesal aludida.

Además, reconocemos que parte de los incumplimientos imputados no podían ser atribuidos a la peticionaria. En ese sentido, le asiste la razón a la señora Colón Torres cuando señala que esta había solicitado oportunamente una orden para obtener su propio expediente del psicólogo que la atiende, y el foro primario procedió con los procedimientos sin tan siquiera solicitar un proyecto de orden a tales efectos. De haber atendido tal solicitud, la cual fue presentada ante la primera denuncia del recurrido luego de la vista del 30 de octubre de 2025, la peticionaria hubiese tenido oportunidad de comenzar a cumplir con lo ordenado en dicha vista.

De igual manera, coincidimos con la peticionaria en cuanto al detrimento procesal que ocasiona una anotación de rebeldía contra un progenitor en casos donde se pretende adjudicar la custodia de un menor. El foro recurrido tiene pendiente la impugnación de un informe social que

---

[36] Por ejemplo, los supuestos acuerdos posteriores para cesar la entrega de los itinerarios de trabajo, y la presunta actualización de sus contestaciones al pliego de interrogatorios.

recomienda la custodia monoparental a favor de una de las partes litigantes[37]. Como mínimo, en su facultad de *parens patrie*, y para garantizar el interés óptimo del menor, opinamos que el foro primario estaría en mejor posición para realizar una determinación sobre su custodia con la comparecencia de ambos padres[38].

De otra parte, cabe precisar que tampoco transcurrió un tiempo excesivo entre la anotación de la rebeldía el 19 de diciembre de 2025, y la solicitud para que la misma fuera dejada sin efecto. Ello, sin obviar que la señora Colón Torres solicitó la reconsideración de dicha sanción procesal el mismo día en que le fue impuesta, mediante la cual expuso su versión de lo imputado por el señor Medina Dominicci, e incluyó alegaciones de cumplimiento total o parcial que nunca fueron auscultados por el foro primario.

Aún más determinante, no hallamos motivo alguno que nos mueva a concluir que dejar sin efecto la rebeldía para que la madre peticionaria comparezca a completar el descubrimiento de prueba le causará algún perjuicio al recurrido[39]. Por el contrario, estamos convencidos de que conceder lo solicitado por la peticionaria, como mínimo, le brindaría amplia oportunidad de obtener la información que necesita para continuar con los procedimientos candelarizados ante el foro primario. Tampoco hallamos determinación alguna sobre esto en las resoluciones emitidas por el foro primario.

---

[37] *Véase*, SUMAC TPI, entrada núm. 175, anejo 1.

[38] Véase, *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 86 (2018).

[39] De hecho, el señor Medina Dominicci nunca expuso qué perjuicio, si alguno, le ocasionaría el remedio solicitado por la peticionaria. Como adelantamos, este se limitó a exponernos los presuntos incumplimientos acaecidos desde el inicio de los procedimientos, a pesar de que la determinación objeto de revisión se apoya en el trámite procesal ocurrido posterior a la vista del 30 de octubre de 2025. Sobre su recuento procesal, esboza que los incumplimientos denunciados han provocado que este tuviese que "incurrir en gastos y molestias innecesarias".

A la luz de lo antes expuesto, nos resulta evidente que el foro primario auscultó los planteamientos del recurrido para adjudicar la solicitud de la peticionaria[40], sin considerar los criterios establecidos jurisprudencialmente para dejar sin efecto una anotación de rebeldía. Asimismo, el foro primario no consideró los efectos que tal sanción supondría para el caso particular que nos ocupa.

Por tal razón, y cónsono con la norma jurisprudencial que establece que la Regla 45.3 de Procedimiento Civil debe ser interpretada de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación y que los casos se ventilen en sus méritos, colegimos que el foro primario abusó de su discreción al negarse a dejar sin efecto la rebeldía anotada a la señora Colón Torres. En consecuencia, el Tribunal de Primera Instancia incurrió en los errores señalados.

Reconocemos que la tarea de dilucidar los asuntos relativos a la custodia de un menor de edad alberga múltiples circunstancias y retos que dificultan su dilucidación harmoniosa[41]. Sin embargo, precisamente por la sensibilidad de estos, resulta necesario que los tribunales cuenten con todos los elementos que le permitan tomar una decisión justa, cuyo resultado garantice el bienestar y la seguridad física y emocional del menor. Ello incluye, por supuesto, la presencia de ambos padres durante el proceso, ya que estos son, y serán, figuras principales en la vida del menor.

IV

A la luz de lo antes expuesto, **expedimos** el auto de *certiorari* y **revocamos** la *Resolución* objeto de este recurso, por lo que dejamos sin efecto la anotación de rebeldía de la señora Colón Torres. Además, ordenamos la continuación de los procedimientos de manera compatible con la aquí dispuesto.

---

[40] Nótese cómo el foro primario no brindó oportunidad a la señora Colón Torres para reaccionar a la solicitud hecha por el señor Medina Dominicci el 17 de diciembre de 2025 para que se le anotase la rebeldía, la cual fue concedida tan solo dos días después. *Véase*, SUMAC TPI, entradas núm. 204-205. En contraste, cuando la peticionaria solicitó que esta se dejara sin efecto, el foro recurrido solicitó la postura del recurrido previo a denegar lo solicitado por la primera. *Íd.*, entradas núm. 221-224.

[41] Véase, *Machargo Olivella v. Martínez Schmidt*, 188 DPR 404, 414 (2013).

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones